IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY WYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00901 |
| | ) |
| GENERAL MOTORS, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant General Motors, LLC ("**GM**") gives notice of the removal of this action to this Court from the Circuit Court of St. Charles County, Missouri. GM removes this case on grounds of federal question and diversity jurisdiction, and GM's Notice of Removal is based upon and supported by the following:

### THE STATE COURT ACTION

1.   Plaintiff Larry Wyatt commenced this action on September 24, 2019, by filing his Petition in the case styled, *Larry Wyatt v. General Motors, LLC*, Case No. 1911-CC00918, in the Circuit Court of St. Charles County, Missouri (the "*State Court Action*").  *See* Copy of State Court Action, attached as **Exhibit A**.

2.   On June 24, 2020, counsel for GM agreed to accept service on behalf of Defendant, and the parties stipulated to a service date of June 26, 2020.

3.   This is an action alleging discrimination and retaliation under the Americans with Disabilities Act ("***ADA***") and Title VII of the Civil Rights Act ("***Title VII***").

4.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on GM in the State Court Action are attached as Exhibit A.

## VENUE

5. Removal to this Court is appropriate because the State Court Action is pending in the Circuit Court of St. Charles County, Missouri, which is located in the Eastern District, Eastern Division's jurisdiction.  28 U.S.C. §§ 1441(a), 1446(a).

## TIMELINESS OF REMOVAL

6. This Notice of Removal is timely because it is filed within the 30-day period prescribed by 28 U.S.C. § 1446(b).

## FEDERAL QUESTION

7. The United States District Court for the Eastern District of Missouri has original jurisdiction over this case under 28 U.S.C. § 1331 because all of the claims in this case arise under a federal law, namely the ADA and Title VII.

8. Thus, this action is removable on federal question grounds.

## DIVERSITY JURISDICTION

9. This Court also has diversity jurisdiction under 28 U.S.C. § 1332, which requires the parties to the controversy to be citizens of different states and the amount in controversy to exceed $75,000.  28 U.S.C. § 1332(a)(1).

10. Plaintiff is a resident and citizen of the State of Missouri.  *See* Exhibit A at ¶ 2.

11. For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The United States Supreme Court has interpreted the phrase "principal place of business" as used in this statute to "refer[] to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). Also known as the

corporation's "nerve center," the company's principal place of business "will typically be found at a corporation's headquarters." *Id*. at 81, 92-93, 95 (concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and that, "in practice," it "should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination, ... and not simply an office where the corporation holds its board meetings"); *see also Quality Res., Inc. v. Pfizer, Inc.,* 2014 U.S. Dist. LEXIS 148532, *4-5 (E.D.Mo. 2014).

12.    A limited liability company ('LLC') is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction. *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 830 (8th Cir. 2004). For diversity, the citizenship of each member of the partnership must be considered. *See e.g. Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991).

13.    Prior to and on the filing date of the State Court Action, as well on the date of this Notice, General Motors LLC was and still is a limited liability company incorporated under the laws of the State of Delaware. *See* Exhibit A at ¶ 4, and Defendant's Disclosure of Organizational Interests, attached as **Exhibit B**.

14.    The sole member of General Motors LLC is General Motors Holdings LLC. General Motors Holdings LLC is a limited liability company organized under the laws of the State of Delaware. *See* Exhibit B.

15.    The sole member of General Motors Holdings LLC is General Motors Company. *See* Exhibit B.

16.    General Motors Company is a corporation organized and incorporated under the

3

laws of the State of Delaware. *See* Exhibit B.

17. General Motors Company is headquartered and has its principal place of business in Detroit, Michigan. *See* Exhibit B.

18. General Motors Company is not, and has never been, incorporated or organized under the laws of the State of Missouri, nor has it ever had its corporate headquarters or principal place of business located in Missouri.

19. Prior to and on the filing date of the Petition in the State Court Action, as well as on the date of this Notice, both General Motors LLC's and General Motors Holding LLC's corporate headquarters and principle places of business were, and at all relevant times are located in Detroit, Michigan. *See* Exhibit B. Therefore, for the purposes of federal diversity jurisdiction, these LLCs are citizens of the state of Michigan. *See* Exhibit B.

20. In sum, neither Defendant, nor any of its member organizations, are or were citizens of the State of Missouri. Plaintiff and Defendant therefore are "citizens of different States" under 28 U.S.C. § 1332(a). *See also Hertz Corp. v. Friend,* 559 U.S. 77, 96-97 (2010).

21. Under 28 U.S.C. § 1332(a)(1), the district court "shall have original jurisdiction of all civil actions where the matter in controversy… is between citizens of different States."

22. Complete diversity of citizenship exists between Plaintiff and Defendant.

### AMOUNT IN CONTROVERSY

23. The amount in controversy in this matter exceeds $75,000.

24. Plaintiff prays for judgment including costs and attorney's fees, in an amount in excess of $25,000. *See* Exhibit A, "wherefore" clause for each count.

25. Plaintiff's damages allegedly include harm arising from "intentional discrimination," harassment, discrimination and retaliation against Plaintiff" that allegedly

4

resulted in "garden variety emotional distress and other related non-medical bill compensatory damages," loss of "income, as well as other monetary and non-monetary benefits." *See* Exhibit A at ¶¶ .64-70, 74, 76-82, 90-96, 104-110 and the "wherefore" paragraphs for each count.

26. The ADA and Title VII allow for potential recovery of compensatory damages, punitive damages, court costs, and attorney's fees. Courts also consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

27. The amount in controversy is met if a fact finder "might legally conclude" that the damages exceed $75,000, including actual damages, punitive damages, and attorney fees. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."). "What matters is what is ***possible***, not what is ***likely***; if it is possible for the plaintiff to recover more than $75,000, the amount-in-controversy requirement is met." *Newbauer v. Hill-Rom Co. Inc.*, 2018 WL 2411617, at *1 (D. Minn. May 29, 2018) (emphasis in original); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). In establishing the amount in controversy, "Defendant's burden is a pleading requirement and not a demand for proof." *Spight v. Caterpillar, Inc.*, 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016).

28. Recent verdicts and judgments in discrimination cases in various Missouri courts have far exceeded $75,000. On October 25, 2019, Judge Vincent entered final judgment in an MHRA case in the amount of $19,970,000.00 (Case No.: 17SL-CC00133, *Wildhaber v. St. Louis*

*County, Missouri*). On February 2, 2018, the Honorable Justine E. Del Muro entered final judgment in an MHRA case in the amount of $356,694.69 and $662,862.50 in attorneys' fees (Case No. 1516-CV25112, *Jones v. City of Kansas City, Mo.*). On January 25, 2018, the Honorable Jack R. Grate entered final judgment in an MHRA case in the amount of $341,000 for actual damages and punitive damages (Case No. 1616-CV11175, *Stubbs v. Independence Sch. Dist., et al.*).

29. Even in the relatively conservative venue of St. Charles County Circuit Court, judgments in discrimination cases have easily exceeded $75,000. *See, e.g., Kennedy v. Dealer Protection LLC*, Case No. 1711-CC00134. (returning a jury verdict for $297,414.30 plus costs); *Rodney Zerr v. St. Charles County, Missouri*, Case No. 1111-CV11435 (returning a jury verdict for $297,650.00).

30. Finally, if Plaintiff prevails to any degree on even one of his claims at trial, it is likely that his attorneys' fees alone will exceed $75,000. *See* Exhibit A, "wherefore" clause for each count; *Campos v. City of Blue Springs, Mo.*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees).

31. Courts in the Eighth Circuit have found that, in discrimination cases even where the actual damages are as low as $35,000, the other damages available are more than adequate to meet the amount in controversy. *White v. United Parcel Serv.*, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012) (finding the amount in controversy was met, even though the lost wages appeared to be around only $35,000 and the party was proceeding *pro se* and would not incur attorney

fees, because alleged damages associated with emotional distress and punitive damages brought the amount in controversy above $75,000); *Jarrett v. Henkel Corp.*, 2016 WL 407301, at *2 (W.D. Mo. Feb. 2, 2016) (finding amount in controversy met in a discrimination case where the actual damages were about $40,000); *Polites v. Home Depot U.S.A., Inc.*, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013) (denying motion to remand in MHRA case where compensatory damages were alleged to be $44,000, and stating, "even assuming that Plaintiffs' actual damages are less than $75,000, Polites' demand for punitive damages, damages for emotional distress, and attorneys' fees would increase this amount.").

32. Based on the allegations in the Petition (but without making any admissions as to the merits thereof), there is legal certainty that the amount in controversy exceeds $75,000. *See Hirschmugl v. State Farm Fire & Casualty Co.*, 2019 WL 1557090, *2 (E.D. Mo. Apr. 10. 2019) (standard for determining whether a plaintiff's claim meets the amount in controversy is whether the fact finder "*might* legally conclude" that a plaintiff's damages are greater than $75,000) (citing *James Neff Krampfer Family Farm v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)).

33. Accordingly, the preponderance of the evidence demonstrates that, if Plaintiff prevails on his claims, his damages and attorneys' fees will exceed $75,000 and the jurisdictional amount in controversy requirement is met.

34. Because the diversity requirements under § 1332(a)(1) are met and the amount in controversy exceeds $75,000, this action is removable under § 1441(a).

## NOTICE PROVIDED TO PLAINTIFF AND STATE COURT

35. Pursuant to 28 U.S.C. § 1446(d), GM has given written notice of its filing of this Notice of Removal to counsel for Plaintiff. On the same date as this Notice of Removal was signed, GM served by mail a copy of this Notice of Removal upon Plaintiff's counsel at the

address set forth in the Petition: EmmaLee A. Wilson, Nicholas Dudley, Hollingshead & Dudley, 1114 Main Street, Blue Springs, MO 64015.

36.     On the same date as this Notice of Removal was filed, GM also filed a copy of this Notice of Removal with the Circuit Court of St. Charles County, Missouri, the state court in which this action was commenced and pending at the time this Notice of Removal was filed.

WHEREFORE, Defendant General Motors, LLC respectfully requests that the above-entitled action now pending against it in the Circuit Court of St. Charles County, Missouri, be removed to this Court.

          Respectfully submitted,

          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

          /s/ *Melissa M. Pesce*
          Sarah J. Kuehnel, MO 61698
          Melissa M. Pesce, MO 46814
          7700 Bonhomme Avenue, Suite 650
          St. Louis, MO  63105
          Telephone:  314.802.3935
          Facsimile:  314.802.3936
          sarah.kuehnel@ogletree.com
          melissa.pesce@ogletree.com

          ATTORNEYS FOR DEFENDANT GENERAL MOTORS LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 8th_day of July, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served via electronic mail and first class U.S. Mail, postage prepaid upon the following:

EmmaLee A. Wilson
Nicholas Dudley
Hollingshead & Dudley
1114 Main Street
Blue Springs, MO 64015
ndudley@hdtriallawyers.com
ewilson@hdtriallawyers.com

Attorney for Plaintiff

/s/ *Melissa M. Pesce*
ATTORNEYS FOR DEFENDANT  GENERAL MOTORS LLC

43295731.1