Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

EXHIBIT A                                    **1911-CC00918**

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

| | | |
|---|---|---|
| **LARRY WYATT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: |
| vs. | ) | |
| | ) | |
| **GENERAL MOTORS LLC,** | ) | Division Number: |
| | ) | |
| **Serve at:** | ) | |
| **CSC of St. Louis County, Inc.,** | ) | |
| 130 South Bemiston Avenue, Suite 700 | ) | |
| Clayton, Missouri 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff, Larry Wyatt ("Plaintiff"), by and through undersigned counsel, and for his Petition against Defendant, General Motors LLC ("Defendant"), states to this Honorable Court as follows:

## PARTIES

1.      Plaintiff is a former employee of Defendant, which operates the General Motors, Wentzville facility in St. Charles County, Missouri. Plaintiff was subjected to severe and pervasive racial discrimination, disability discrimination, retaliation, and a hostile work-environment, all in violation of Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act, as discussed in more detail below.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

2.      Plaintiff is a current resident and citizen of the State of Missouri and, was at all times relevant herein, a resident and citizen of the State of Missouri who worked in St. Charles County, Missouri.

3.      At all times relevant herein, Plaintiff was an "employee" of Defendant as defined by Title VII of the Civil Rights Act of 1964 (Title VII) and Title I of the ADA, 42 U.S.C. § 12111, et seq (ADA).

4.      Defendant is a registered foreign Limited Liability Company organized under the laws of Delaware in good standing in the State of Missouri with their principal place of business in Delaware and conducting business in the Western District of Missouri.

5.      At all relevant times, Defendant was authorized to conduct business in the State of Missouri and was conducting continuous and systematic business in the State of Missouri.

6.      Defendant had more than fifteen (15) employees on all relevant dates contained herein.

7.      Defendant is an "employer" within the meaning of Title VII, and the ADA .

**JURISDICTION AND VENUE**

8.      The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

9.      Jurisdiction and venue are proper in St. Charles County, Missouri, pursuant to RSMo. §§ 213.111.1, 287.780, and 508.010.  Plaintiff received one Notice of Right to Sue letter from the Equal Employment Opportunity Commission (the "EEOC") on or

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

about June 26, 2019.  A copy of Plaintiff's Notice of Right to Sue from the EEOC is attached hereto, marked as "Plaintiff's Exhibit 1," and is hereby incorporated as if fully set forth herein.

10.     Plaintiff's cause of action arises out of conduct that took place in St. Charles County, State of Missouri.

## ADMINISTRATIVE PROCEDURES

11.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

12.     On or about February 1, 2019, Plaintiff timely filed with the MCHR and the Equal Employment Opportunity Commission (the "EEOC") – a Charge of Discrimination (Plaintiff's "Original Charge") against Defendant on the basis of disability discrimination and retaliation in violation of the MHRA and corresponding, federal anti-discrimination laws including Title VII and the ADA. A copy of Plaintiff's Original Charge is attached hereto, marked as "Plaintiff's Exhibit 2," and is hereby incorporated as if fully set forth herein.

13.     On or about June 26, 2019, the EEOC issued Plaintiff his Notice of Right to Sue (*see* Plaintiff's Exhibit 1) related to Plaintiff's aforementioned charge and amended of discrimination, and this lawsuit is being filed within 90 days of the EEOC's issuance of said Notice.

14.     Plaintiff's Charges provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and,

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

accordingly, the sweep of this judicial complaint may be, and is, as broad as the scope of an MCHR or EEOC investigation that could reasonably be expected to have grown out of Plaintiff's Charges.

15.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and this Petition is being filed within all applicable statutes of limitations.

## GENERAL FACTUAL ALLEGATIONS

16.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

17.     Plaintiff is an African American male.

18.     Plaintiff began working for Defendant in approximately June of 2014 as a line worker.

19.     Beginning in approximately early 2015, Plaintiff became aware of several racially discriminatory actions and illegal workplace practices, the most pervasive and severe of which came from Plaintiff's co-worker, Sean Taylor.

20.     Taylor is also an African American male.

21.     Taylor habitually called Plaintiff "nigger" in the workplace.

22.     Taylor threatened to stab Plaintiff.

23.     Taylor told other co-workers not to speak to Plaintiff.

24.     Taylor derided Plaintiff's taste in music, telling Plaintiff to "turn off the white boy shit," if Plaintiff played music that was not Hip Hop or Rap.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

25.     Taylor harassed and humiliated Plaintiff in front of his peers, saying Plaintiff was not "black enough."

26.     Plaintiff's co-workers, Allen Spears and Randy Burns, also engaged in similarly harassing behavior to Taylor's through-out Plaintiff's employment.

27.     Plaintiff asked Taylor to stop these actions and told Taylor that it made Plaintiff uncomfortable.

28.     Plaintiff made formal complaints to Defendant's HR representatives, Len Ford and Nick Miller, about this behavior.

29.     No investigation into Plaintiff's harassment was ever initiated.

30.     After Plaintiff reported his co-worker's behavior, his hours began being removed and documented incorrectly.

31.     Plaintiff was threatened with disciplinary action over incidents that did not occur.

32.     At one-point, James Donnelly physically grabbed Plaintiff in the work place to discipline him.

33.     Defendant then suspended Plaintiff without pay for periods of several days to weeks from January to May of 2018.

34.     After several months of these threats, Plaintiff was terminated on August 7, 2018.

35.     On information and belief, the forced administrative leaves were part of a retaliatory scheme against Plaintiff for Plaintiff's complaints about discriminatory acts, his filing of grievances, and his disability.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

36.     The hostile work environment, discriminatory behavior, and retaliation continued through Plaintiff's tenure as an employee of Defendant.

37.     Plaintiff received meritless negative write-ups from Defendant and its agents approximately every few weeks through his tenure as an employee of Defendant.

38.     Plaintiff was targeted with meritless investigations, which were part of a retaliatory scheme against Plaintiff for Plaintiff's complaints about discriminatory acts, his filing of grievances, and his disability.

39.     As a result of the ongoing and continuing discrimination, retaliation, and hostile working conditions, Plaintiff's working conditions were so intolerable that no reasonable person in his position would be able to continue working at Defendant.

40.     Plaintiff suffered from depression.

41.     Plaintiff's depression has affected and continues to affect his neurological system, as diagnosed and treated by his various medical providers, as discussed in more detail below.

42.     Therefore, as discussed below, by virtue of Plaintiff's aforementioned debilitating depression, Plaintiff is also a member of another ADA protected class; namely, he is a member of the ADA's protected class related to his disability.

43.     Plaintiff's Supervisor, James Donnelly (herein after referred to sometimes as "Donnelly"), would treat Plaintiff differently than his non-disabled coworkers.

44.     Donnelly would call Plaintiff "Special" and "Special K" referring to his mental health.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

45.    Donnelly meant these comments to humiliate Plaintiff in front of coworkers.

46.    Plaintiff was humiliated by these comments, told Donnelly as much, and asked him to stop.

47.    Plaintiff reported Donnelly to HR when Donnelly did not stop with the name-calling.

48.    Defendant did nothing to stop Donnelly's harassment.

49.    Donnelly then began following Plaintiff around the work place after his reports to HR.

50.    At one-point, Donnelly approached Plaintiff and verbally threatened Plaintiff. Donnelly then grabbed plaintiff and physically abused him.

51.    Plaintiff was terminated due to his reports to HR and because of his disability.

52.    Through present day, Plaintiff's aforementioned depression has substantially limited one or more of his "major life activities," as the term is defined under the ADA.

53.    Plaintiff is under information and belief that Defendant treated Plaintiff's aforementioned physical impairment as one that substantially limited one or more of Plaintiff's life activities.

54.    Alternatively, Defendant and its supervisory agents treated Plaintiff as though he had an impairment which substantially limits a major life activity.

**COUNT I:  DISABILITY DISCRIMINATION-HOSTILE**

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

## WORK-ENVIRONMENT
### *Violation of the ADA*

55.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

56.     Plaintiff, by virtue of his disability, is a member of a class of persons protected by the ADA.

57.     During the course of the Plaintiff's employment with Defendant, Plaintiff was subjected to severe and unwelcome discrimination based on his disability, including, but not limited to, that contained within this Petition.

58.     The offensive, harassing, and discrimatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

59.     Specifically, with regard to Plaintiff's discharge claim:

a.     The deliberate actions of Defendant and its supervisory agents and/or employees, and possibly others, rendered working conditions intolerable for Plaintiff, as a result of Plaintiff's disability;

b.     Plaintiff's working conditions were outrageous and continuous.

c.     Defendant knew of and participated in said discrimatory conduct, as Plaintiff made several requests for investigation and objected to the conduct;

d.     Plaintiff gave Defendant a reasonable chance to resolve the problem, and no meaningful remedial actions were taken; and

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

   e. Defendant terminated Plaintiff's employment.

60. At the time the offensive, harassing, and discriminatory conduct occurred, and as a result of that conduct, Plaintiff believed his work environment to be hostile and/or abusive, and said conduct adversely affected the terms, conditions, and/or privileges of Plaintiff's employment with Defendant.

61. Defendant knew or should have known of the disability discrimination as Plaintiff had previously requested reasonable accommodations.

62. Defendant failed to exercise reasonable care to prevent and promptly correct the aforementioned offensive, harassing, and discriminatory conduct by Defendant, including, but not limited to, one or both of the following:

   a. Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including disability discrimination; and/or

   b. Failing to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

63. Plaintiff's disability was, at the very least, a contributing factor in Defendant's disparate treatment of Plaintiff.

64. As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination because of his disability, in violation of the ADA at the hands of Defendant during the course of Plaintiff's employment.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

65.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

66.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other related non-medical bill compensatory damages.

67.     By failing to take prompt and effective remedial action - e.g., failing to investigate Plaintiff's reports of discrimination and harassment, reprimanding Plaintiff's direct supervisor(s); and/or terminating their employment – Defendant, in effect, condoned, ratified, and/or authorized the harassment, discrimination, and retaliation against Plaintiff.

68.     As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter them and others from like conduct in the future.

69.     Plaintiff is entitled to recover reasonable attorneys' fees associated with the prosecution of the above-captioned cause of action against Defendant, as provided by the ADA.

70.     Plaintiff is entitled to recover costs associated with the prosecution of the above-captioned cause of action against Defendant, as provided by the ADA.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

### COUNT II:  DISABILITY DISCRIMINATION-RETALIATION
### *Violation of the ADA*

71. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

72. As contained in this Petition, Plaintiff engaged in protected activities, including, but not limited to, requesting reasonable accommodations for his disability.

73. As a result of engaging in said protected activities, Plaintiff has suffered, and continues to suffer, adverse employment actions, as alleged in this Petition, including, but not limited to having his employment terminated.

74. Specifically, with regard to Plaintiff's constructive discharge claim, Defendant retaliated against Plaintiff by:

      a.    Rendering working conditions intolerable for Plaintiff, as a result of Plaintiff's disability;

      b.    Plaintiff's working conditions were outrageous and continuous and while Plaintiff did not assume the worst immediately, Plaintiff's fears were confirmed by:

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

      i.      The complaints and requests for investigation Plaintiff made to Defendant;

     ii.      The inaction of Defendant in addressing and remedying Plaintiff's complaints and requests for investigation; and

    iii.      The continued harassment and discrimination against Plaintiff by Defendant.

c.      Defendant knew of and participated in said discriminatory conduct, as Plaintiff made several requests for investigation;

d.      Plaintiff gave Defendant a reasonable chance to resolve the problem, and no meaningful remedial actions were taken; and

e.      Defendant terminated Plaintiff due to his Disability and reports of disability harassment and discrimination.

75.    Plaintiff's engaging in said protected activities was, at the very least, a motivating factor in the adverse employment actions suffered by Plaintiff.

76.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his disability, in violation of the ADA – at the hands of Defendant during the course of his employment.

77.    As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

78.     As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other related non-medical bill compensatory damages.

79.     By failing to take prompt and effective remedial action - e.g., adhering to Plaintiff's requests for reasonable investigation; reprimanding Plaintiff's direct supervisor(s); and/or terminating their employment – Defendant in effect, condoned, ratified, and/or authorized the harassment, discrimination, and retaliation against Plaintiff.

80.     As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from like conduct in the future.

81.     Plaintiff is entitled to recover reasonable attorneys' fees associated with the prosecution of the above-captioned cause of action against Defendant, as provided by the ADA.

82.     Plaintiff is entitled to recover costs associated with the prosecution of the above-captioned cause of action against Defendant, as provided by the ADA.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorney's fees; for costs; for interest, as

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

allowed by law; and for such other and further relief deemed just and proper under the circumstances.

**COUNT III:  RACE DISCRIMINATION-TANGIBLE
EMPLOYMENT ACTION**
*Violation of the TITLE VII*

83.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

84.     Plaintiff considers himself to be African American.

85.     Additionally, due to Plaintiff's skin color and complexion, Plaintiff is under information and belief that all reasonable people consider him to be a member of the African American race.

86.     Therefore, due to Plaintiff's race, he is a member of a protected class of persons under Title VII.

87.     Plaintiff was subjected to tangible employment actions including, but not limited to, racial discrimination and being terminated.

88.     Specifically, with regard to Plaintiff's constructive discharge claim:

a.     The deliberate actions of Defendant and its supervisory agents and/or employees, and possibly others, rendered working conditions intolerable for Plaintiff, as a result of Plaintiff's complaints and grievances regarding racial discrimination;

b.     These working conditions were outrageous and continuous.

c.     Defendant knew of and participated in said discriminatory conduct, as Plaintiff made multiple complaints and grievances;

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

     d.    Plaintiff gave Defendant a reasonable chance to resolve the problem, and no meaningful remedial actions were taken; and

     e.    Defendant terminated Plaintiff.

89.    Plaintiff's complaints about racial discrimination were, at the very least, a motivating factor in suffering the tangible employment actions.

90.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his race, in violation of the Title VII – at the hands of Defendant during the course of Plaintiff's employment.

91.    As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

92.    As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered, and continues to suffer, garden-variety emotional distress and other related non-medical bill compensatory damages.

93.    By failing to take prompt and effective remedial action - e.g., heeding Plaintiff's complaints and grievances; reprimanding Plaintiff's direct supervisor(s) and harasser(s); and/or terminating their employment – Defendant, in effect, condoned, ratified, and/or authorized the harassment, discrimination, and retaliation against Plaintiff.

94.    As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

an amount sufficient to punish Defendant and/or deter them and others from like conduct in the future.

95.     Plaintiff is entitled to recover reasonable attorneys' fees associated with the prosecution of the above-captioned cause of action against Defendant, as provided by Title VII.

96.     Plaintiff is entitled to recover costs associated with the prosecution of the above-captioned cause of action against Defendant, as provided by Title VII.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest; as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT IV:  RACE DISCRIMINATION-RETALIATION
### *Violation of Title VII*

97.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

98.     Plaintiff considers himself to be a member of the African American race.

99.     Additionally, due to Plaintiff's skin color and complexion, Plaintiff is under information and belief that all reasonable people consider him to be a member of the African American race.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

100.    Therefore, due to Plaintiff's race, he is a member of a protected class of persons under Title VII.

101.    Because of his race, Plaintiff has suffered, and continues to suffer, adverse employment actions, as alleged in this Petition, including, but not limited to, being subjected to a hostile work environment and having his employment effectively terminated.

102.    Specifically, with regard to Plaintiff's constructive discharge claim, Defendant retaliated against Plaintiff by:

    a.    Rendering working conditions intolerable for Plaintiff, as a result of Plaintiff's race;

    b.    Plaintiff's working conditions were outrageous and continuous.

    c.    Defendant knew of and participated in said discriminatory conduct, as Plaintiff made multiple complaints and grievances;

    d.    Plaintiff gave Defendant a reasonable chance to resolve the problem, and no meaningful remedial actions were taken; and

    e.    Defendant intended to force Plaintiff to quit his job, or at least could reasonably foresee that their actions would cause Plaintiff to quit his job.

103.    Plaintiff's complaints about racial discrimination were, at the very least, a motivating factor in suffering the tangible employment actions.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

104.   As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his race, in violation of Title VII – at the hands of Defendant during the course of his employment.

105.   As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

106.   As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other related non-medical bill compensatory damages.

107.   By failing to take prompt and effective remedial action - e.g., heeding Plaintiff's complaints and grievances; reprimanding Plaintiff's direct supervisor(s); and/or terminating their employment – Defendant, in effect, condoned, ratified, and/or authorized the harassment, discrimination, and retaliation against Plaintiff.

108.   As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from like conduct in the future.

109.   Plaintiff is entitled to recover reasonable attorneys' fees associated with the prosecution of the above-captioned cause of action against Defendant, as provided by Title VII.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

110.    Plaintiff is entitled to recover costs associated with the prosecution of the above-captioned cause of action against Defendant, as provided by Title VII.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorney's fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

September 24, 2019

*/s/EmmaLee A. Wilson*
EmmaLee A. Wilson # 72195
Nicholas Dudley #62860
Hollingshead & Dudley
1114 Main Street
Blue Springs, MO 64015
816.224.9500 phone
816.224.9503 fax
ndudley@hdtriallawyers.com

ATTORNEYS FOR PLAINTIFF

**1911-CC00918**

EXHIBIT

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Larry Wyatt<br>7777 Bonhomme Ave.<br>Suite 2401<br>Saint Louis, MO 63105 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

| | *On behalf of person(s) aggrieved whose identity is* **CONFIDENTIAL** *(29 CFR §1601.7(a))* | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| **560-2019-00714** | **Sean J. Oliveira,**<br>**Investigator** | | **(314) 539-7847** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

JUN 26 2019

Enclosures(s)

**Lloyd J. Vasquez, Jr.,**
**Acting District Director**

*(Date Mailed)*

cc: **GENERAL MOTORS, LLC**
**2000 Town Center, Suite 1650**
**Southfield, MI 48075**

**Sarah J. Millsap**
**JACKSON LEWIS P.C.**
**10050 Regency Circle, Suite 400**
**Omaha, NE 68114**

**Benjamin J. Coudret**
**HOLLINGSHEAD & DUDLEY**
**7777 Bonhomme Ave.**
**Suite 2401**
**Saint Louis, MO 63105**

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| X FEPA | |
| X EEOC | 560-2019-00714 |

Missouri Commission on Human Rights _____ and EEOC

*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Larry Wyatt | 314-480-5474 | 12/30/1975 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7777 Bonhomme Avenue, Suite 2401 | St. Louis, MO 63105 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency
That I believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| General Motors Wentzville | 15+ | 636-327-2501 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1500 Highway A | Wentzville, MO 63385 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest    Latest
June 2014   August 7, 2018

X RACE  __ COLOR  __ SEX  __ RELIGION  __ NATIONAL ORIGIN

X RETALIATION  __ AGE  X DISABILITY  __ OTHER (Specify below.)

__ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s)):p*

See attached "Particulars"

RECEIVED
FEB - 1 2019
EEOC
ST. LOUIS DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| 2/1/19 | *Larry Wyatt* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|---|
| Date | Charging Party Signature | |

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

## PARTICULARS

I began working for General Motors ("GM") in approximately June 2014. I am an African American male, and I suffer from depression. Therefore, I am a member of classes of persons protected by the Missouri Human Rights Act (MHRA), Title VII of the Civil Rights Act (Title VII), and the Americans with Disabilities Act (ADA).

Throughout my employment with GM, I was subjected to a severely abusive and hostile work environment. Several co-workers and/or supervisors have contributed to this hostile work environment. For example, James Donnelly ("Donnelly") constantly harassed, threatened, and verbally abused me. He would often curse at me in front of my co-workers and threaten to discipline me. Donnelly would also frequently call me by names other than my own, such as "special" or "special K." On at least one occasion, Donnelly even got physically abusive with me.

Furthermore, Sean Taylor ("Taylor"), one of my coworkers, also constantly picked on and bullied me. Taylor often threatened me with physical violence, and his actions made it nearly impossible to work in his presence. On one occasion, Taylor wrote "just in case you get stabbed tonight" on a band-aid and placed it on my workstation. I believe that Taylor's treatment of me was racially motivated. He often used the "N word" in my presence and even directed the word toward me on several occasions, which I found to be extremely offensive. Additionally, when white co-workers would stop and talk to me, Taylor would make offensive comments to me, such as saying that I was a "sell out" or implying that I was acting like white person, as if it were a bad thing. Basically, Taylor accused me of not being "black enough." I would listen to alternative rock music at my work station, as compared to the rap and/or hip-hop that Taylor and other African American co-workers listened to, and when Taylor would hear me listen to this music, he made offensive comments, such as "turn that white boy shit off." This was also extremely offensive to me, as my child's mother is white, and my child is bi-racial.

Other perpetrators included Allen Spears, Randy Banas, and others. In addition to the harassing and abusive behavior I was put through, I am under information and belief that one or more of the perpetrators manually changed my work hours on more than one occasion – meaning that my time sheet was showing that I worked less hours than I actually did, which obviously resulted in less pay than I should have been due.

I reported my hostile work environment and all of the issues I was enduring to Len Ford and Nick Miller, and I also called the company's "Awareline" to report said conduct. However, nothing was done to remedy my issues, and I was only treated worse after reporting the issues. I was constantly threatened with discipline and/or termination and falsely accused of doing improper things that I absolutely did not do. I was suspended without pay for two weeks on one occasion, and I was basically forced to go out on leave on multiple occasions.

RECEIVED
FEB -1 2019
EEOC
ST. LOUIS DISTRICT

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

One of my leaves of absence took place in January-February 2018. I returned to work in March 2018, and when I did, one of the managers with whom I'd had numerous prior issues was my direct supervisor. This obviously caused further issues and hostility in the workplace, and thus I had to take additional leave in April 2018. I returned again in May 2018, and nothing about my work environment improved. I was eventually terminated on or about August 7, 2018.

In conclusion, I believe that I was discriminated against and subjected to a hostile work environment due to my race and my disability, and retaliated against for reporting my hostile work environment. I believe the aforementioned to be in violation of the MHRA, Title VII, the ADA, and 42 USC § 1981.



RECEIVED
FEB - 1 2019
EEOC
ST. LOUIS DISTRICT

1911-CC00918

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | X  FEPA<br>X  EEOC | |

Missouri Commission on Human Rights _____ and EEOC

*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Larry Wyatt | 314-480-5474 | 12/30/1975 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7777 Bonhomme Avenue, Suite 2401 | St. Louis, MO  63105 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| General Motors Wentzville | 15+ | 636-327-2501 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1500 Highway A | Wentzville, MO 63385 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*) | DATE(S) DISCRIMINATION TOOK PLACE

_X_ RACE  __ COLOR  __ SEX __ RELIGION  __ NATIONAL ORIGIN

_X_ RETALIATION  __ AGE  _X_ DISABILITY  __ OTHER (Specify below.)

Earliest          Latest
June 2014      August 7, 2018

__ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):p

See attached "Particulars"

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT |
| _____    _____<br>*Date*            *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

PLAINTIFF'S
EXHIBIT
2

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

## PARTICULARS

I began working for General Motors ("GM") in approximately June 2014. I am an African American male, and I suffer from depression. Therefore, I am a member of classes of persons protected by the Missouri Human Rights Act (MHRA), Title VII of the Civil Rights Act (Title VII), and the Americans with Disabilities Act (ADA).

Throughout my employment with GM, I was subjected to a severely abusive and hostile work environment. Several co-workers and/or supervisors have contributed to this hostile work environment. For example, James Donnelly ("Donnelly") constantly harassed, threatened, and verbally abused me. He would often curse at me in front of my co-workers and threaten to discipline me. Donnelly would also frequently call me by names other than my own, such as "special" or "special K." On at least one occasion, Donnelly even got physically abusive with me.

Furthermore, Sean Taylor ("Taylor"), one of my coworkers, also constantly picked on and bullied me. Taylor often threatened me with physical violence, and his actions made it nearly impossible to work in his presence. On one occasion, Taylor wrote "just in case you get stabbed tonight" on a band-aid and placed it on my workstation. I believe that Taylor's treatment of me was racially motivated. He often used the "N word" in my presence and even directed the word toward me on several occasions, which I found to be extremely offensive. Additionally, when white co-workers would stop and talk to me, Taylor would make offensive comments to me, such as saying that I was a "sell out" or implying that I was acting like white person, as if it were a bad thing. Basically, Taylor accused me of not being "black enough." I would listen to alternative rock music at my work station, as compared to the rap and/or hip-hop that Taylor and other African American co-workers listened to, and when Taylor would hear me listen to this music, he made offensive comments, such as "turn that white boy shit off." This was also extremely offensive to me, as my child's mother is white, and my child is bi-racial.

Other perpetrators included Allen Spears, Randy Burns, and others. In addition to the harassing and abusive behavior I was put through, I am under information and belief that one or more of the perpetrators manually changed my work hours on more than one occasion – meaning that my time sheet was showing that I worked less hours than I actually did, which obviously resulted in less pay than I should have been due.

I reported my hostile work environment and all of the issues I was enduring to Len Ford and Nick Miller, and I also called the company's "Awareline" to report said conduct. However, nothing was done to remedy my issues, and I was only treated worse after reporting the issues. I was constantly threatened with discipline and/or termination and falsely accused of doing improper things that I absolutely did not do. I was suspended without pay for two weeks on one occasion, and I was basically forced to go out on leave on multiple occasions.

Electronically Filed - St Charles Circuit Div - September 24, 2019 - 11:04 AM

One of my leaves of absence took place in January-February 2018. I returned to work in March 2018, and when I did, one of the managers with whom I'd had numerous prior issues was my direct supervisor. This obviously caused further issues and hostility in the workplace, and thus I had to take additional leave in April 2018. I returned again in May 2018, and nothing about my work environment improved. I was eventually terminated on or about August 7, 2018.

In conclusion, I believe that I was discriminated against and subjected to a hostile work environment due to my race and my disability, and retaliated against for reporting my hostile work environment. I believe the aforementioned to be in violation of the MHRA, Title VII, the ADA, and 42 USC § 1981.